COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-07-092-CR

LESLIE JOSEPH HOFMAN APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Upon his plea of not guilty, a jury convicted Appellant Leslie Joseph Hofman of possession of a controlled substance in a correctional facility.  After he pled true to enhancement paragraphs, the jury assessed his punishment at thirty-five years’ confinement in the Institutional Division of the Texas Department of Criminal Justice, and the trial court sentenced him accordingly.

Appellant does not challenge the sufficiency of the evidence.  In his sole point, he contends that the trial court reversibly erred by overruling his chain-of-custody objections.  As the Texas Court of Criminal Appeals has explained,

A trial judge has great discretion in the admission of evidence at trial, and although the evidentiary rules do not specifically address proper chain of custody, they do state that identification for admissibility purposes is satisfied if the evidence is sufficient to support a finding that the matter in question is what its proponent claims. . . . Absent evidence of tampering or other fraud, which has not been presented here, problems in the chain of custody do not affect the admissibility of the evidence.  Instead, such problems affect the weight that the fact-finder should give the evidence, which may be brought out and argued by the parties.
(footnote: 2)
 

Lieutenant Angelia M. Jones, who worked at the Hood County Jail, testified that on May 3, 2006, she searched inmate Appellant’s brown loafer after he had worn it working outside that day.  She found a baggie of marijuana after removing the insole.  Joseph Yelverton, a former Hood County jailer, testified that he witnessed the discovery.  Jones testified that the package of marijuana in State’s Exhibit 3 appeared to be the same size and color as that found in Appellant’s shoe.  Jones did not put any identifying marks on the baggie but gave it to Deputy Patrick T. Felan of the Hood County Sheriff’s Office for CID to investigate.

Deputy Felan testified that Jones gave him the baggie of marijuana, and he weighed it, put it inside another bag, and sealed the outside bag.  He wrote the case number, his own name, and Appellant’s name on the outside bag. Felan then logged the evidence into a locker and locked the locker.  He testified that the baggie of marijuana in State’s Exhibit 3 appeared to be the same baggie that he received from Jones, but he also testified that the outside bag or envelope in Exhibit 3 did not have his identifying marks and was the evidence custodian’s, not his.

Jennifer Fields, who was a property custodian for the Hood County Sheriff’s Department in May 2006, testified that she took the baggie of marijuana out of the brown paper bag it came to her in, threw that bag away, took a picture of the marijuana, sealed the baggie of marijuana in a new bag or envelope, wrote an identifying number on the sealed bag or envelope, and put it in the property vault.  She identified some of the handwriting on the outside bag or envelope of State’s Exhibit 3 as her own.  She testified that she wrote the case number on the outside bag or envelope, that the number matched the case number from Felan’s report, and that she sent the sealed envelope to the lab.

Lindsay Kaltwasser, a DPS forensic scientist, testified that the outside envelope or bag of State’s Exhibit 3 contained the lab case number and her initials, as did the inside baggie.  She stated that she weighed the marijuana, analyzed it, and returned it to the law enforcement agency.

This evidence is sufficient to support a finding that the marijuana in State’s Exhibit 3 is the same marijuana found in Appellant’s shoe, and the record before us is devoid of evidence of tampering or fraud.
(footnote: 3)  Consequently, we hold that the trial court did not abuse its discretion by admitting the evidence.  We overrule Appellant’s sole point and affirm the trial court’s judgment.

PER CURIAM

PANEL F: DAUPHINOT, LIVINGSTON, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  August 31, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Druery v. State
, 225 S.W.3d 491, 503-04 (Tex. Crim. App. 2007) (citations omitted); 
see also
 
Tex. R. Evid
. 901(a).

3:
See Druery
, 225 S.W.3d at 503-04; 
see also
 
Tex. R. Evid
. 901(a).